Minshall, J.
The principal question arising upon this bill of exceptions is, whether the indictment was defective, in that it did not set forth a copy of the poll-book and tally-sheet, nor, as claimed, the purport thereof. It is claimed that section 7218 of the Revised Statutes, requires that this should have been done. But does that section apply to an indictment under section 7061, for wrongfully altering a “ name,” “ word” or “figure” upon a poll-book or tally-sheet? We think not. The language of section 7218 is: “In an indictment for falsely making, altering, forging, printing, photographing, uttering, disposing of, or putting off, any instrument, it shall be sufficient to set forth its purport and value.” It is apparent that this is intended to apply to such alterations and forgeries as are made punishable by section 7091 of the Revised Statutes, and those immediately following it, and does not apply to an indictment fpr wrongfully altering a name, word or figure upon a poll-book or tally-sheet. In forgery the offense consists in falsely making or altering any of the instruments named, with intent to defraud; under section 7061 it consists in wrongfully altering or tampering with a name, word or figure in or upon a poll-book or tally-sheet, with intent to defeat, hinder or prevent a fair expression of the will of the people at an election. A forgery affects the individual in his civil rights by working some fraud upon his rights of property ; wrongfully tampering with a poll-book affects the individual in his political rights, and is punished as a political offense, being a wrong done to each and every honest elector.
*275 That section 7218 is intended to be limited according to the construction we have given it, will more clearly appear from the following sections, 7219 and 7220. Section 7219 is as follows: “ In an indictment for engraving or making the ' whole or any part of any instrument, matter, or thing, or for using, or having the unlawful custody or possession of, any plate or other material upon which the whole or any part of any instrument, matter, or thing was engraved or made, or for having the unlawful custody or possession of any paper upon which the whole or any part of any instrument, matter or thing was made or printed, it shall be sufficient to describe such instrument, matter, or thing by any name or designation by which the same is usually known.” The analogy of the cases, in which, by this section, it is sufficient in an indictment to describe an instrument by its usual designation, to an indictment for wrongfully altering a name, word or figure upon a poll-book, is apparent. And by the following section, 7220, this provision is extended to all cases when “ it is necessary to make an averment * * * whether the same consists, wholly or in part, of writing, print, or figures.” That this section can, without any violence to its terms, be applied to an indictment for altering the figures upon a tally-sheet, seems plain; and we see no reason why a more limited construction should be placed on it. The power of the legislature to prescribe the form of the indictment, and to dispense with certain matters of description, provided the nature and substance of the charge is preserved, is not questioned. Commenting on the provision in our bill of rights guaranteeing to an accused party the right to “ demand the nature and canse of the accusation against him.” White, J., said, in Turpin v. State, 19 Ohio St. 544: “ We do not understand that it was intended by this provision, to place the rules of the common law, prescribing the particularity with which offenses were required to be charged, beyond all legislative control. And where, as in this case, the indictment clearly informs the accused of the transaction for which he is called upon to answer, it is, we think, in this respect, free from constitutional objection.”
*276 Nor do we perceive what ground there is, in this indictment, for claiming that it does not inform the accused “ of the nature and cause of the accusation against him.” Conceding the full force of all that has been said by counsel, of the importance of this constitutional guaranty, and it must be admitted, as we think, that an indictment which specifies, as this does, the particular alteration the defendant is charged with having made upon the poll-book of an election, is more definite and certain and more fully informs the party of “ the nature and cause of the accusation against him,” than would the general and indefinite indictment, permissible in an indictment. for forgery, that the party altered or forged a particular instrument, setting it forth according to its purport and effect. In the latter case he is simply informed that he is charged with the forgery or alteration of a certain instrument, but, in what particular, he is not informed; in' the former he is apprised that he is charged with making a specific alteration in a designated instrument; as, that he wrongfully changed the figures upon a poll-book and tally-sheet, indicating the number of votes returned as received by a particular candidate, from the number “ 203 ” to “ 503.” There is a precision in this charge that leaves no room for misunderstanding as to what the party is required to meet. The averments of this indictment show that the poll-book and tally-sheet on which it is averred the offense was committed, were made and kept at a certain ward in the city of Columbus, at the annual October election for state and county officers in the year 1885. The defendant was required to answer the charge of a wrongful alteration of the poll-book and tally-sheet made and kept in that ward at that election, and none other.
But it is strenuously argued that the poll-book with the tally-sheet should be set forth according to its purport at least, so that the court may bo able to determine from the instrument itself, whether the instrument is what it is alleged to bo • that an averment to that effect is but a legal conclusion. If this be so, then, designating any thing by its approju-iate name is the averment of a legal conclusion. This cannot be so, or *277 else legal conclusions are quite common in pleading, particularly in criminal procedure.
In an indictment for burglary it is sufficient to designate the building upon which the offense was committed by the name given it in the statute; and whether it is such or not, is a matter of proof; but the averment that the building is a still-house is not the averment of a legal conclusion, though, whether it is such a house or not, will depend upon the nature and mode of its use. Thalls v. State, 21 Ohio St. 233. And the same is true as to the subjects of arson, of horse-stealing, of altering ear-marks or brands on domestic animals, and many other offenses. So in Kerr v. State, 36 Ohio St. 614, Kerr had been indicted under the act of 1877 (now section 7079, Revised Statutes), for knowingly selling and conveying land by warranty deed, having no title. It was claimed on error, that the indictment was defective, for the reason that it did not set forth a copy of the deed, that the court might determine from the face of it whether the deed would have been of any legal force if Kerr had been the owner of the land. It was held otherwise, the court saying it was a question of proof, and not of averment.
The same can be said with equal appropriateness in this case: "Whether the averment that an alteration was made upon a poll-book, made and kept at the election designated, is accurate, must depend upon the proof offered at the'trial.
The state of Nebraska has a statute similar to our own, having in fact adopted section 7061 of our Revised Statutes as it existed before the amendment of February 17, 1881. In the work of Judge Maxwell on Criminal Procedure, the form of an indictment under the statute of that state as adopted from our own, is given; in which the poll-book is neither set out by its tenor nor purport. In the form given the offense is averred to have been committed upon the poll-book of a certain election at which certain persons were judges and clerks, designating the instrument simply by its name. Maxwell Crim. Proc. 456. We are unable to see why more should be required in an indictment of this kind. It conforms to *278 accurate principles of pleading, and is commendable for its brevity.
We are asked, however, in case the exception is sustained, to remand the cause for further proceedings upon the indictment. This we are satisfied cannot be done. The purpose of this proceeding, as will appear from the sections of the statute under which it is had, is not, in any case, to obtain a reversal of the judgment of the court in the case in which the bill is taken; its purpose is simply to determine the law to govern in a similar case. (Sections 7305-6-7-8, Revised Statutes.) However desirable it might be that such jurisdiction should be conferred on this court, in cases where the decision below puts an end to the prosecution, without a trial upon a plea of not guilty, it cannot lawfully assume it, as it has only such appellate jurisdiction as is conferred by law, and no such jurisdiction, as that invoked, has been conferred on this court in criminal proceedings.

Exceptions sustained.